UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MC-60376-RUIZ/STRAUSS

WEBSTER FINANCIAL CORPORATION *et al.*,

    Petitioners,

v.

ERHOMARHUA AFURE,

    Respondent.

_____/

## ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

THIS MATTER came before the Court upon Petitioners' Motion to Compel Compliance with Subpoena and Incorporated Memorandum in Support [DE 1] ("Motion"), filed on February 20, 2020. The Motion was referred to the undersigned, pursuant to the Order Referring Motion [DE 4], to take all necessary and proper action as required by law. The Court has reviewed all of the filings in this action including the Motion, Defendant's Response to Order to Show Cause [DE 9] ("Response"), and Petitioners' Reply to Respondent's Response to Order to Show Cause [DE 11] ("Reply"). For the reasons discussed herein, the Motion [DE 1] will be **GRANTED IN PART and DENIED IN PART**.

On January 9, 2020, Petitioners served a subpoena [DE 1-1] on Ehromarhua Afure ("Afure") to produce documents (on January 23, 2020) and to appear for a deposition (on January 29, 2020) in connection with an action pending in the United States District Court for the District of Nevada. Petitioners assert that Afure failed to comply with the subpoena in its entirety. In the Motion [DE 1], and in a declaration that Petitioners filed in support of the Motion [DE 1-4], Petitioners detail the extensive efforts they made to attempt to obtain Afure's compliance with the

subpoena prior to filing the Motion. Notwithstanding their efforts, Afure did not produce any documents and was unwilling to appear for a deposition on the date scheduled in the subpoena. Consequently, Petitioners seek the entry of an order compelling Afure to comply with the subpoena and other relief on account of Afure's failure to comply with the subpoena.

Afure's response to the Motion was due on March 5, 2020 (14 days following the date the Motion was served), but Afure failed to respond to the Motion. As the Motion was only served on Afure's attorney, who was not his counsel of record in this proceeding at the time (that attorney is now Afure's counsel of record), the Court entered an Order to Show Cause [DE 5] providing Afure with an opportunity to show cause, in writing, why the Motion should not be granted.

Afure filed the Response [DE 9] in response to the Court's Order to Show Cause. In the Response, Afure states he "was willing to cooperate by indicating he does not have any documents [Petitioners'] counsel is requesting." DE 9 at ¶ 4. He then states that he "does not have any new documents in his possession to produce." DE 9 at ¶ 6. Afure proceeds to state that Petitioners' "counsel already subpoenaed all the documents allegedly in Afure's possession." DE 9 at ¶ 7. Afure also indicates he is willing to appear for a deposition on a future date. *See* DE 9 at ¶¶ 9-10. Nevertheless, Afure provides no basis whatsoever for his failure to comply with the subpoena in the first place beyond stating that Petitioners already have all responsive documents that may be in Afure's possession. That is not a valid basis for refusing to produce responsive documents. In addition, Afure is also required to produce responsive documents in his custody or control even if not in his possession. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) ("produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control"). Further, Afure has not provided any justification for his refusal to appear for a deposition on the date set forth in the subpoena.

2

Petitioners filed a proposed order with the Motion detailing the relief they are seeking based on Afure's noncompliance with the subpoena [*see* DE 1-5]. Such relief is also discussed in the Motion. Specifically, Petitioners request that the Court: (1) order Afure to produce all documents responsive to the subpoena within 10 days; (2) find all objections are waived; (3) order Afure to appear for a deposition within 10 days following the date of production; (4) award reasonable attorney's fees and costs; and (5) hold Afure in contempt of court pursuant to Fed. R. Civ. P. 45(g).

A party that is served with a subpoena for documents may serve a written objection to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Afure, however, does not dispute Petitioners' claim that he did not serve any objection. Accordingly, the Court agrees with Petitioners that all objections to the subpoena have been waived. *See Noel-Wagstaffe v. Metro. Cas. Ins. Co.*, No. 17-CIV-61039, 2017 WL 6047679, at *1 (S.D. Fla. Dec. 7, 2017) ("The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." (citation omitted)). Therefore, Afure will be required to produce all documents responsive to the subpoena without objection. He will also be required to appear for a deposition.

Although Petitioners are entitled to an order compelling Afure's compliance with the subpoena, they are not entitled to an award of attorneys' fees and costs. *See ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61272, 2017 WL 7794274, at *3 (S.D. Fla. July 26, 2017) (Rule 45 "does not contain a provision for an award of expenses upon bringing a successful motion. Although Rule 37(a) permits an award of expenses on a successful motion to compel, it applies to motions to compel disclosure from a *party*, and accordingly, multiple courts have held that Rule

37(a) does not apply to motions to compel compliance with a Rule 45 Subpoena." (citations omitted)). If Afure fails to comply with this Order, however, the Court warns Afure that sanctions may be imposed and that Afure may be required to pay Petitioners' reasonable attorneys' fees and costs related to Petitioners' efforts to compel compliance with this Order.

Finally, as mentioned above, Petitioners also request that Afure be held in contempt. "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court finds that Afure has no adequate excuse for his failure to obey the subpoena. Nevertheless, the Court will not hold Afure in contempt at this time. However, the Court warns Afure that he may be held in contempt if he fails to comply with any part of this Order.

For the reasons discussed above, it is **ORDERED** and **ADJUDGED** that:

1. The Motion [DE 1] is **GRANTED IN PART and DENIED IN PART**.

2. On or before **March 30, 2020**, Ehromarhua Afure shall produce all documents responsive to the subpoena [DE 1-1], without objection. Afure shall comply with the instructions and definitions in the subpoena.

3. Unless the parties agree to another date, time, and/or location, Ehromarhua Afure shall appear for a deposition on **April 9, 2020** at **10:00 a.m.** at Carlton Fields, P.A., Miami Tower, 100 S.E. Second Street, Suite 4200, Miami, FL 33131. The Court encourages the parties to consider alternative means of conducting the deposition in light of the COVID-19 situation. Nothing in this Order relieves the parties of complying with any restrictions imposed by Miami-Dade County in response to the COVID-19 situation.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of March 2020.

Jared Strauss
Jared M. Strauss
United States Magistrate Judge

Copies served via CM/ECF to counsel of record